IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES C. JAMES,

        Plaintiff,                  No. CIV S-11-1527 GEB EFB P

    vs.

FAGAN,

        Defendant.              <u>ORDER AND<br>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, and a notice of exhausting his administrative remedies. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 4. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's June 6, 2011 complaint pursuant to 28 U.S.C. § 1915A, as well as plaintiff's August 8, 2011 notice of exhausting his administrative remedies. Because plaintiff concedes that he did not exhaust his administrative remedies prior to commencing this action, the action must be dismissed. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at

*6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

Here, plaintiff checked the box on his form complaint indicating that the administrative exhaustion process had been completed, but also included a note that "CDCR refused to complete [the] process." Dckt. No. 1 (Complaint) § II. Plaintiff elaborates with the allegation that he submitted an administrative appeal to the final level of review, but that it was returned to him on the grounds that it was missing documentation. *Id.* (Pl.'s Decl.) ¶ 11. He alleges that he has done everything in his power to complete the exhaustion process, *id.* ¶ 12, but on August 8, 2011, he filed a document titled "Notice Re Exhaustion of Administrative Remedy." That document indicates that he received a response from the final level of review on July 11, 2011, after plaintiff had commenced this action. Dckt. No. 7. Plaintiff explains that he protested the rejection of his earlier filed appeal at the final level review based on the missing documentation, and that officials then took action at the final level of review. *Id.* Based on this record, it is apparent that plaintiff did not exhaust his available administrative remedies prior to filing suit. Consequently, this action must be dismissed. *See Wyatt*, 315 F.3d at 1120.

As plaintiff alleges his administrative remedies are now exhausted, he may promptly file a new action alleging the same claims raised in this action. Plaintiff is hereby informed that if he decides to file a new action, he should not include this case number on the new complaint. In

addition, the new complaint should be accompanied by a properly completed, updated application to proceed in forma pauperis.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE