1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES C. JAMES,

11           Plaintiff,                    No. 2:11-cv-1527 GEB EFB P

12       vs.

13   FAGAN, et al.,

14           Defendant.                    ORDER

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending before the court is defendant's  July 9, 2012 motion to dismiss

18   for failure to exhaust administrative remedies, which plaintiff has not yet opposed.  In light of

19   recent Ninth Circuit case authority and to ensure that plaintiff has "fair, timely and adequate

20   notice" of what is required of him to oppose defendants' motion, *see Woods v. Carey*, __ F.3d

21   __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012), plaintiff is

22   hereby informed as follows:

23           This notice is provided to ensure that you, a pro se prisoner plaintiff,
         "have fair, timely and adequate notice of what is required" to oppose a motion to
24       dismiss for failure to exhaust administrative remedies. *See Woods v. Carey*, __
         F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir.
25       July 6, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. Cal.
         2003).

26

1

1           The court requires that you be provided with this notice regarding the
2 requirements for opposing a motion to dismiss for failure to exhaust
administrative remedies.

3           When a defendant moves to dismiss some or all of your claims for failure
4 to exhaust administrative remedies, the defendant is requesting that the court
dismiss claims for which you did not exhaust available administrative remedies.
5 The defendant may submit affidavits or declarations under penalty of perjury and
admissible documents in support of the motion.

6           To oppose the motion, you may submit proof of specific facts regarding
7 the exhaustion of administrative remedies. To do this, you may refer to specific
statements made in your complaint if you signed your complaint under penalty of
8 perjury and if your complaint shows that you have personal knowledge of the
matters stated. You may also submit declarations setting forth facts regarding
9 exhaustion of your claims, as long as the person who signs the declaration has
personal knowledge of the facts stated. You may also submit all or part of
10 deposition transcripts, answers to interrogatories, admissions, and other
authenticated documents. If you fail to contradict the defendant's evidence with
11 your own evidence, the court may accept the defendant's evidence as the truth
and grant the motion. If you do not respond to the motion, the court may consider
12 your failure to act as a waiver of your opposition. *See* L.R. 230(l).

13           If the court grants the defendant's motion, whether opposed or unopposed,
your unexhausted claims will be dismissed. If all of your claims are unexhausted,
14 your entire case will be over. If, however, you exhaust administrative remedies
for your claims at a later date, you may raise those claims in a new action.

15 *See Woods*, __ F.3d __ ("The *only* satisfactory practice to ensure that prisoners receive adequate

16 notice pursuant to *Rand* and *Wyatt* is to provide such notice *at the time that the relevant motions*

17 *are filed*." (emphasis added)); *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring

18 that the notice state that the court has required that it be given and that it be set forth in a separate

19 document that is served with the moving papers); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120

20 n.15 (9th Cir. Cal. 2003) (requiring *Rand* notice for motions to dismiss for failure to exhaust so

21 that plaintiff has "fair notice of his opportunity to develop a record").

22 /////

23 /////

24 /////

25 /////

26 /////

1    As plaintiff has now received the notice required by *Woods*, IT IS HEREBY ORDERED

2  that plaintiff's opposition to defendant's July 9, 2012 motion to dismiss is due within 30 days of

3  the date of this order, and that defendant's reply, if any, is due within fourteen days thereafter.

4  DATED:  July 24, 2012.

5

6                   EDMUND F. BRENNAN
                     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3