IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES C. JAMES,

       Plaintiff,                    No. 2:11-cv-1527 GEB EFB P

    vs.

FAGAN, et al.,

       Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Plaintiff proceeds on an Eighth Amendment claim against defendant Faggan based on an alleged use of excessive force on October 27, 2010 at the California Medical Facility. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b), on the ground that plaintiff failed to exhaust available administrative remedies prior to filing suit. Dckt. No. 18. For the following reasons, defendant's motion must be denied.

**I.    Exhaustion under the PLRA**

      The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government

1    officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v.*

2    *Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d

3    Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the

4    claims the plaintiff has included in the complaint, but need only provide the level of detail

5    required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*

6    *Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials

7    "time and opportunity to address complaints internally before allowing the initiation of a federal

8    case").

9        Prisoners who file grievances must use a form provided by the California Department of

10   Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline

11   the action requested.  The grievance process, as defined by California regulations, has three

12   levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code

13   Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has

14   received a "Director's Level Decision," or third level review, with respect to his issues or claims.

15   *Id.* § 3084.1(b).

16       Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

17   741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

18   critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be

19   "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying

20   on *Booth*, the Ninth Circuit has held:

21          [A] prisoner need not press on to exhaust further levels of review once he has
           received all "available" remedies at an intermediate level of review or has been
22         reliably informed by an administrator that no remedies are available.

23   *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

24       In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are

25   normally brought under Rule 12(b) of the Federal Rules of Civil Procedure.  *See Albino v. Baca*,

26   ___ F.3d. ___, 2012 U.S. App LEXIS 19871 (9th Cir. Sept. 21, 2012).  Nonetheless, it remains

well established that credibility of witnesses over material factual disputes cannot be resolved on paper.  Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003).  Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits.  Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.[1]  *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies.  *Wyatt*, 315 F.3d at 1119.  To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

////

---

[1] Here, defendant relies on testimonial evidence in the form of declarations from prison officials and a documentary record to establish the facts in support of his contention that plaintiff failed to exhaust.

## II.   Background

Plaintiff commenced this action on June 6, 2011.  Dckt. No. 1.  On his form complaint,
plaintiff checked the box indicating that the administrative exhaustion process had been
completed, but also included a note that "CDCR refused to complete [the] process."  *Id.* § II.
Plaintiff explained that he had submitted an administrative appeal to the final level of review, but
that it was returned to him on the grounds that it was missing documentation.  *Id.* (Pl.'s Decl.)
¶ 11.  Plaintiff claimed that he had done everything in his power to complete the exhaustion
process.  *Id.* ¶ 12.  Two months after commencing this action, plaintiff filed a document titled
"Notice Re Exhaustion of Administrative Remedy."  Dckt. No. 7.  Plaintiff explained that after
protesting the rejection of his earlier filed appeal based on missing documentation, prison
officials took action at the final level of review on July 11, 2011.  *Id.*

Because plaintiff essentially admitted that he had not exhausted available administrative
remedies prior to filing suit, the court recommended that this action be dismissed.  Dckt. No. 8.
However, plaintiff objected to those recommendations, contending that he had exhausted his
administrative remedies prior to filing suit or alternatively, that he should be excused from
exhaustion because of errors in the processing of his appeal.  Dckt. No. 11.  In light of plaintiff's
allegations, and because the defendant has the burden of pleading and proving the absence of
exhaustion, the court vacated the recommendation of dismissal, but made no finding regarding
the issue of exhaustion.  Dckt. No. 12.  Subsequently, the court directed the United States
Marshal to serve the complaint on defendant Faggan.  Dckt. No. 14.  On July 9, 2012, defendant
Faggan moved to dismiss the complaint as unexhausted. Dckt. No. 18.

Plaintiff filed an opposition to defendant's motion to dismiss on August 8, 2012.  Dckt.
No. 20.  However, plaintiff indicated that he had been unaware of defendant's motion until
receiving the court's July 25, 2012 order.[2]   *Id.*  In light of plaintiff's representation, the court

---

[2] On July 25, 2012, the court informed plaintiff of the requirements for opposing a motion
to dismiss for failure to exhaust available administrative remedies.  *See Woods v. Carey*, 684

1   directed defendant to re-serve the motion on plaintiff and informed plaintiff that he could either

2   file an amended opposition within 30 days or rely on his previously filed opposition.  Dckt. No.

3   21.  Defendant re-served his motion on plaintiff the same day.  Dckt. No. 22.  The time for

4   plaintiff to file an amended opposition has passed an no amended opposition was submitted.

5   Therefore, on September 17, 2012, defendant filed a reply to plaintiff's August 8, 2012

6   opposition.  Dckt. No. 24.

7          On October 11, 2012, plaintiff responded to defendant's reply brief by filing a document

8   he labels as  "Reply to Defendant's Request for Dismissal," in which he summarized some of the

9   points made in his opposition and resubmitted copies of several exhibits.  Dckt. No. 25.

10   Defendant moves to strike the filing as an unauthorized surreply.  Dckt. No. 26.   Neither the

11   Federal Rules of Civil Procedure nor the court's Local Rules contemplate the filing of a surreply.

12   Plaintiff's October 11, 2012 filing will therefore be disregarded.

13   **III.    Discussion**

14          In his June 6, 2011 complaint, plaintiff alleges that defendant Faggan used excessive

15   force against him on October 27, 2010.  Dckt. No. 1.  Defendant argues that plaintiff failed to

16   exhaust administrative remedies as to this claim prior to filing suit.  In support of the motion,

17   defendant submits: 1) the declaration of W. Sinkovich, Appeals Coordinator for the Institutional

18   Appeals Office at California Medical Facility, Vacaville ("Sinkovich Decl."); and 2) the

19   declaration of J.D. Lozano, Chief of the Office of Appeals for the California Department of

20   Corrections and Rehabilitation (CDCR) ("Lozano Decl.").

21          Defendant's evidence shows that inmate appeals alleging staff misconduct such as

22   excessive force are classified as "Staff Complaints."  Lozano Decl. ¶ 6; Sinkovich Decl. ¶ 5.

23   ////

24

25   F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 2012 U.S. App. LEXIS 19647, at *7-8 (9th Cir. Sept.
     19, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).  The court also

26   informed plaintiff that his opposition to the motion was due within 30 days.  Dckt. No. 19.

1   Lozano testifies that between October 27, 2010 and June 6, 2011, only two of plaintiff's inmate

2   appeals, classified as "Staff Complaints," were accepted for third level review.  Lozano Decl.

3   ¶ 7, Exs. A, B.  Of these two appeals, only one concerned defendant's alleged use of excessive

4   force on October 27, 2010.  Lozano Decl., Ex. A ("Dckt. No. 18-4") (appeal log no. CMF-10-

5   02581).  Exhibits attached to the Sinkovich and Lozano declarations show that the Inmate

6   Appeals Branch first received this appeal for third level review on December 3, 2010.  Dckt. No.

7   18-4 at 5.  On January 4, 2011, D. Foston, Chief of the Inmate Appeals Branch, rejected the

8   appeal for not including a CDCR Form 1858 Rights and Responsibilities Statement.  *Id.* at 15.

9   The January 4, 2011 letter also informed plaintiff that he should make the requested correction

10  and resubmit the appeal.  *Id.*  On February 1, 2011, plaintiff wrote a letter to Foston requesting

11  an extension of time to resubmit his appeal, explaining that the appeals office had never returned

12  the CDCR Form 1858 to him.  *Id.* at 18.  Subsequently, plaintiff's appeal was submitted to the

13  Inmate Appeals Branch for a second time.  *Id.* at 4 (showing appeal was received on February

14  15, 2011).  On March 16, 2011, Foston again rejected plaintiff's appeal for not including the

15  required documentation and informed plaintiff to take the necessary corrective action and

16  resubmit the appeal.  *Id.* at 16.  On March 24, 2011, in response to a request by plaintiff,

17  Sinkovich informed plaintiff that he had "found the 1858 form for CMF appeal # 10-2581," and

18  directed plaintiff to return it to the appeals office.  *Id.* at 19; *see also id.* at 11 (CDCR Form

19  1858, dated March 25, 2011, and signed by plaintiff and Sinkovich).  On April 6, 2011, the

20  appeals office received plaintiff's appeal for the third time.  *Id.* at 4.

21      On June 6, 2011, plaintiff commenced this action.  Dckt. No. 1.  On July 11, 2011,

22  plaintiff's appeal was denied at the third level of review.  Dckt. No. 18-4 at 2-3.  Thus, defendant

23  has shown that plaintiff's appeal had not been resolved at the third level of review prior to

24  commencing this action.  The court finds that defendant has met his burden of showing that the

25  possibility of further administrative relief remained available to plaintiff prior to commencing

26  this action.  The burden therefore shifts to plaintiff to produce evidence that demonstrates either

1    exhaustion or circumstances excusing exhaustion.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24

2    (9th Cir. 2010).

3         Defendant's motion includes a declaration from Lozano stating that plaintiff's appeal

4    was screened out on three separate occasions.  Lozano Decl. ¶ 5.  However, the exhibits

5    submitted with defendant's motion document only two occasions on which plaintiff's appeal was

6    screened out.  *See* Dckt. No. 18-4.  Through his opposition, plaintiff shows that on May 5, 2011,

7    his appeal was screened out for a third time.  Dckt. No. 20 at 12.  As set forth below, plaintiff

8    also demonstrates that the May 5, 2011 rejection of his appeal was improper, and rendered

9    further administrative relief unavailable to him.  *See Sapp*, 623 F.3d at 823 (where prison official

10   improperly screens out inmate's appeal, inmate cannot pursue necessary sequence of appeals,

11   and administrative remedies become unavailable).

12        In the May 5 letter, Foston informed plaintiff that his appeal was again being rejected

13   because it was missing the CDCR Form 1858 and because plaintiff had not submitted the

14   original appeal.  Dckt. No. 20 at 12.  Foston also informed plaintiff that he could not appeal the

15   rejected appeal, but should take corrective action and resubmit the appeal.  *Id.*  In a declaration

16   signed under penalty of perjury, plaintiff states that the May 5 rejection of his appeal was

17   improper because he had in fact, submitted the original appeal.  *Id.* at 4, ¶ 9.  Plaintiff also claims

18   that he mailed the March 25, 2011 CDCR Form 1858 to the appeals office on March 26, 2011.

19   *Id.* at 8, 20 (copy of March 25, 2011 CDCR Form 1858).  Plaintiff contends he could not take

20   corrective action, as instructed by Foston, because the original appeal and the CDCR Form 1858

21   were already in the possession of the Chief of Inmate Appeals as of April 6, 2011, when plaintiff

22   resubmitted his appeal for the third time.  Dckt. No. 20 at 3, 8.  Plaintiff declares that after

23   receiving the May 5 notice, he wrote letters to prison administrators but received no response.

24   *Id.* at 4, ¶ 10.  Believing that no administrative remedy remained available to him, plaintiff

25   commenced this action on June 6, 2011.  *Id.* at 4, ¶ 12; Dckt. No. 1.  Plaintiff describes the July

26   11, 2011 denial of his appeal at the third level of review as a "surprise," pointing out that

Case 2:11-cv-01527-TLN-EFB   Document 28   Filed 02/25/13   Page 8 of 9

defendant provides no explanation as to how his original appeal materialized at the Inmate

Appeals Branch and was thereafter answered after its rejection on May 5th. *Id.* at 4, ¶10; *id.* at 9,

41. Based on the foregoing, plaintiff has demonstrated circumstances excusing further

exhaustion of administrative remedies; he was improperly prevented from doing so. *See Sapp*,

623 F.3d at 823 ("[I]mproper screening of an inmate's administrative grievances renders

administrative remedies 'effectively unavailable' such that exhaustion is not required under the

PLRA").

In his reply, defendant argues that plaintiff failed to take all "reasonable and appropriate

steps" to exhaust his grievance because he "repeatedly failed to comply with CDCR's

procedures, despite being given instructions." Dckt. No. 24 at 6. To demonstrate plaintiff's

purported failures in this regard, defendant states that plaintiff's appeal was properly rejected on

January 4, 2011, March 16, 2011, and May 5, 2011. *Id.* at 4 (citing to defendant's motion to

dismiss and to plaintiff's opposition). Defendant then states that plaintiff resubmitted his appeal

on April 6, 2011, and that "once properly submitted," it was accepted for third level review and

thereafter denied. *Id.* at 4, 6. However, defendant does not explain how or when plaintiff's

appeal was resubmitted for third level review after it was rejected on May 5, 2011. Defendant

also fails to submit any evidence to refute plaintiff's contentions that the May 5 rejection of

plaintiff's appeal was improper, or that because of this improper rejection, plaintiff could not

take corrective action, and believed that no further administrative relief was available to him.

Accordingly, the court finds that plaintiff's attempts to exhaust his administrative

remedies were reasonable and appropriate, and that defendant's motion to dismiss must be

denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk shall terminate Docket No. 26,

defendant's motion to strike.

////

////

1     Further, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss this

2  action without prejudice for failure to exhaust administrative remedies (Dckt. No. 18) be denied.

3     These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10 Dated:  February 25, 2013.

11

12                                         EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26