UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES C. JAMES, | No. 2:11-cv-1527-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| FAGAN, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed several motions with the court. ECF Nos. 36, 37, 38. While not entirely clear, plaintiff appears to request the following: (1) an extension of the May 13, 2013 deadline for serving discovery requests, along with a determination that his May 16, 2013 interrogatories were timely served; (2) assistance in arranging depositions of defendant and potential witnesses; and (3) appointment of counsel.

    Extension of the Discovery Deadline[1]

    Under the court's discovery and scheduling order, all requests for discovery pursuant to Rule 33 of the Federal Rules of Civil Procedure were to be served by May 13, 2013. ECF No. 33.

/////

---

[1] Defendant opposes this request. ECF No. 39.

1

A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff served defendant with interrogatories on May 16, 2013. ECF No. 36 at 9. Plaintiff states that he had the interrogatories ready during the week of May 6, 2013, but that service was delayed by at least one week because of shortcomings in the law library's resources and copying services. *Id.* at 1. Good cause appearing, the court will extend the deadline for serving interrogatories, *nunc pro tunc*, to May 16, 2013, and deem plaintiff's May 16, 2013 interrogatories, timely served.[2] Defendant shall respond to those interrogatories in accordance with Rule 33(b).

Arranging Depositions

Plaintiff requests unspecified assistance in arranging the depositions of defendant and other potential witnesses. Plaintiff's request must be denied, as the court cannot even ascertain the precise assistance that plaintiff requests. Moreover, the proper procedures for taking depositions, both orally and by written question, are set forth in Rules 30 and 31 of the Federal Rules of Civil Procedure. Plaintiff has not complied with those procedures.

Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970

---

[2] Defendant notes in his opposition that plaintiff served a second and third set of interrogatories on June 27 and July 12, respectively. ECF No. 39 at 2. These interrogatories were not timely served, and there is no good cause to further modify the discovery and scheduling order to deem them timely.

(9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. The deadline for serving interrogatories is extended, *nunc pro tunc*, to May 16, 2013, and plaintiff's May 16, 2013 interrogatories are deemed timely;

2. Plaintiff's request for assistance in arranging depositions is denied;

3. Plaintiff's request for the appointment of counsel is denied; and

4. The Clerk shall terminate plaintiff's motions (ECF Nos. 36, 37, 38).

Dated: August 20, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE